UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KARLA PRESCOTT, TRUSTEE OF
FOUNTAINHEAD GLOBAL TRUST,

       Plaintiff,                              CV 05-834-AS

    v.

                                                ORDER

COMMISSIONER OF INTERNAL
REVENUE, ROY FRITTS, Individually and as
Trustee of the FIDUCIARY EDUCATIONAL
SOCIETY, DOROTHY FRITTS aka
DOROTHY EMEOTT, Individually and as
Trustee of the EMEOTT FOUNDATION,
INTERNATIONAL ASSOCIATION OF
JEWISH SAMOANS, an International Business
Corporation, RICK PRESCOTT, Individually
and as Trustee of the FIDUCIARY EDUCATIONAL
SOCIETY, IVAN A.CERMAK, Individually and as
Trustee of the FIDUCIARY EDUCATIONAL
SOCIETY, JOAN E. CERMAK, and JOHN DOES 1
through 10,

               Defendants.

HAGGERTY, Chief Judge:

1 - ORDER

On December 9, 2005, a Motion for Temporary Restraining Order and/or Preliminary Injunction to Enjoin the Non-Judicial Sale of Property (Doc. #68, hereinafter referred to as the TRO Motion) was brought by the United States of America in this action.[1] The United States seeks to enjoin Third Party Defendant Glenn Kierstead (Kierstead) from proceeding with the non-judicial sale of real property known as Deer Creek Ranch, plus two additional parcels of land (hereinafter referred to collectively as the Disputed Property). Oral argument on the TRO Motion was heard on December 20, 2005. On that same date, plaintiff presented a Motion to Allow the Sale of Property to Western Rivers Conservancy (Doc. #80).

A ruling on plaintiff's Motion to Allow the Sale is reserved until all parties have had a fair opportunity to review and brief the motion. The TRO Motion, however, is denied.

## **STANDARDS**

To obtain a temporary restraining order or preliminary injunction, the moving party must show either (1) a likelihood of success on the merits and the possibility of irreparable harm, or (2) the existence of serious questions going to the merits and the balance of hardship tipping in plaintiff's favor. *Stanley v. Univ. of So. Cal.*, 13 F.3d 1313, 1319 (9th Cir. 1994); *Fund for Animals, Inc. v. Lujan*, 962 F.2d 1391, 1400 (9th Cir. 1992); *Half Moon Bay Fishermans' Mktg. Ass'n v. Carlucci*, 857 F.2d 505, 507 (9th Cir. 1988); *First Brands Corp. v. Fred Meyer, Inc.*, 809 F.2d 1378, 1381 (9th Cir. 1987).

---

[1] The court notes that plaintiff's Petition to Quiet Title (Doc. # 1) relies upon 28 U.S.C. § 2410 for jurisdiction, and that such reliance may require further examination before Magistrate Judge Ashmanskas. *See, e.g., Kent v. N. Calif. Reg'l Office of Am. Friends Serv. Comm.*, 497 F.2d 1325, 1327-28 (9th Cir. 1974); *Seattle Ass'n of Credit Men v. United States*, 240 F.2d 906, 908 (9th Cir. 1957). Because jurisdiction arises properly under 26 U.S.C. § 7403 for the United States' counterclaims and cross-claims, however, this court proceeds to consider the TRO Motion. *See, e.g.*, *Pioche Mines Consol., Inc. v. Fidelity-Philadelphia Trust Co.*, 206 F.2d 336, 336-37 (9th Cir. 1953); *Pierce v. Perlite Aggregates, Inc.*, 110 F. Supp. 684, 687-88 (D.C.N.D. Cal. 1952).

These formulations "represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *United States v. Odessa Union Warehouse Co-Op*, 833 F.2d 172, 174 (9th Cir. 1987). The Ninth Circuit reasoned that this really describes one test, "a continuum in which the required showing of harm varies inversely with the required showing of meritoriousness." *San Diego Comm. Against Registration and the Draft v. Governing Bd. of Grossmont Union High Sch. Dist.*, 790 F.2d 1471, 1473 n.3 (9th Cir. 1986).

## DISCUSSION

Kierstead holds a trust deed on the Disputed Property. This trust deed was recorded on or about June 21, 2002. The United States recorded tax liens against the Disputed Property on or about September 12, 2003. Kierstead's security interest in the real property predates the security interest of defendant United States and is therefore construed as superior.

The United States must show that there is a likelihood of defeating Kierstead's senior interest in the Disputed Property before being entitled to the extraordinary relief of a temporary restraining order or an injunction. In attempting to do so, the United States alleges that Kierstead was involved in fraudulent schemes that serve as the basis of the tax liens. The United States has specified allegations of misconduct on the part of Leroy Fritts, Roderick Prescott, National Trust Services, Fiduciary Educational Society, William Joe Little, and Fountainhead Global Trust, but offers no evidence of fraudulent conduct by Kierstead. Moreover, there is nothing in the record indicating fraudulent conduct by Kierstead.

The United States' reliance upon a possibility of "serious questions" regarding Kierstead's interest in the Disputed Property is also unavailing. Questioning the values of

consideration agreed upon between other parties in those parties' real estate transaction fails to establish the existence of sufficiently serious questions regarding that transaction. In light of this, the United States falls short of establishing an adequate likelihood of success on the merits sufficient to compel this court to invoke the extraordinary action the government seeks – to order the abeyance of the non-judicial sale currently scheduled.

**CONCLUSION**

This court concludes that the United States has failed to meet its burden of demonstrating a likelihood of success on the merits necessary for obtaining the restraining order and injunctive relief it has sought. Accordingly, the TRO Motion (Doc. #68) is DENIED. Plaintiff's Motion to Allow the Sale of Property to Western Rivers Conservancy (Doc. #80) will be resolved, if necessary, following a fair opportunity for responsive briefing pursuant to this court's Local Rules.

IT IS SO ORDERED.

DATED this __21___ day of December, 2005.

___/s/Ancer L.Haggerty_____
Ancer L. Haggerty
United States District Judge