IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KARLA PRESCOTT, Trustee of Fountainhead
Global Trust,

                Plaintiff,

        v.

COMMISSIONER OF INTERNAL REVENUE,
ROY FRITTS, Individually and as Trustee of the
FIDUCIARY EDUCATIONAL SOCIETY,
DOROTHY FRITTS aka DOROTHY EMEOTT,
Individually and as Trustee of the EMEOTT
FOUNDATION, INTERNATIONAL
ASSOCIATION OF JEWISH SAMOANS, an
International Business Corporation, RICK
PRESCOTT, Individually and as Trustee of the
FIDUCIARY EDUCATIONAL SOCIETY, IVAN
A. CERMAK, Individually and as Trustee of the
FIDUCIARY EDUCATIONAL SOCIETY, JOAN E.
CERMAK, and JOHN DOES 1 through 10,

                Defendants.

CV. 05-834-AS

FINDINGS AND
RECOMMENDATION

ASHMANSKAS, Magistrate Judge:

       Plaintiff Karla Prescott, as Trustee of the Fountainhead Global Trust ("Plaintiff"), filed this

1 - FINDINGS AND RECOMMENDATION

action to quiet title in certain real property located in Josephine County, Oregon (the "Property").

Ivan A. and Joan E. Cermak (collectively the "Cermaks") were named as defendants in the action.

In a title report attached to the complaint, Ivan Cermak, as a Trustee of the Fiduciary Educational

Society (the "Society"), was listed as a grantor of a trust deed against the Property.  Additionally,

the Internal Revenue Service filed a tax lien against the property for the unpaid taxes of the

Cermaks.  On May 20, 2004, the Circuit Court for the State of Oregon for the County of Josephine

issued a judgment finding that the Society had no valid interest in the Property and directing Ivan

Cermak to quitclaim the Property to the Fountainhead Global Trust.

The Cermaks filed a motion to dismiss the complaint based on an automatic bankruptcy stay

generated by the Cermaks' bankruptcy filing.  This court recommended denying the motion finding

that the United States Bankruptcy Court for the District of Oregon (the "Bankruptcy Court")

dismissed the Cermaks' bankruptcy on June 1, 2004, well before Plaintiff filed this action on June

5, 2005.  The recommendation was adopted by Judge Malcolm Marsh on December 22, 2005.

On December 29, 2005, the Cermaks filed a notice of stay in this action based on their filing

of a second bankruptcy action on December 27, 2005.  This court administratively dismissed this

action on January 5, 2006, pending the resolution of Cermaks' bankruptcy.  The Bankruptcy Court

dismiss the second bankruptcy by order dated January 19, 2006.  The Cermaks then filed a third

bankruptcy proceeding on January 27, 2006.

On March 9, 2006, Plaintiff moved to reopen the proceedings and to dismiss the Cermaks.

This court granted the motion to reopen based on 11 U.S.C. §362, which provides that if a party files

successive bankruptcy petitions within a one-year period, the automatic stay with regard to any

property securing a debt shall terminate on the 30th day after the filing of the later bankruptcy.

2 - FINDINGS AND RECOMMENDATION

Accordingly, the bankruptcy stay with regard to the third bankruptcy terminated on February 26, 2006.

Plaintiffs seeks to dismiss the Cermaks from this action based on their representation during a bankruptcy hearing that they do not own or have any interest in any land. The Cermaks have asserted an equitable interest in the Property in the form of a constructive or resulting trust in an adversary proceeding in Bankruptcy Court. The Cermaks' interests in the Property, if any exist, are fully protected by their claims in the bankruptcy proceedings. The Cermaks are not necessary parties to this action and should be dismissed.

### Conclusion

Plaintiff's motion (#97) to dismiss the Cermaks should be GRANTED.

### **SCHEDULING ORDER**

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due **May 12, 2006**. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due within 14 days, and the review of the Findings and Recommendation will go under advisement on that date or when the response is filed, whichever occurs first.

Dated this 24st day of April, 2006.

Donald C. Ashmanskas
United States Magistrate Judge

3 - FINDINGS AND RECOMMENDATION